This matter involves a personal injury claim under the Tort Claims Act arising out of defendant's alleged failure to provide a safe work environment resulting in plaintiff developing a cumulative trauma disorder affecting his upper extremities, and in particular, carpal tunnel syndrome; and also defendant's failure to provide adequate medical treatment for his alleged carpal tunnel syndrome by referring him for a neurological evaluation.
The Full Commission has reviewed the prior Decision and Order based on the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. Oral arguments were waived in this matter. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Decision and Order.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. This matter involves personal injury claims for not only failure to provide a safe work environment resulting in plaintiff's developing cumulative trauma disorders affecting his upper extremities, and in particular, carpal tunnel syndrome. but failure to provide adequate medical treatment for the alleged carpal tunnel syndrome by not referring him for a neurological evaluation.
2. In the first place, there is no credible medical or other evidence that the jobs plaintiff had making license plates at Central Prison or working in the fields at Caledonia Prison Unit resulted in his developing carpal tunnel syndrome or any other type of cumulative trauma disorder.
3. In the second place, there is no credible medical or other evidence that plaintiff suffers from carpal tunnel syndrome or any other type of cumulative trauma disorder — much less that he should be referred to a neurologist for evaluation of his bizarre symptom complex; but rather, has been provided timely and appropriate medical treatment commensurate with the actual nature of his physical complaints, including as part thereof, referral to an orthopedic surgeon for evaluation, Dr. S. Lamont Wooten of Greenville, and a further evaluation of plaintiff's bizarre symptom complex by a neurologist is not reasonably medically necessary.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSION OF LAW
For the reasons stated in the above Findings of Fact, there was no actionable negligence at the time complained of on the part of any named or unnamed employee, servant, agent or representative of defendant North Carolina Department of Correction proximately resulting in the personal injuries claimed. Rather, at all times plaintiff received timely and appropriate medical treatment commensurate with the actual nature of his symptoms, which neither required evaluation by a neurologist nor have been shown to be due to defendant's alleged failure to provide him with a safe work environment resulting in plaintiff developing the same symptoms — much less any type of work related cumulative trauma disorder, including carpal tunnel syndrome.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover NOTHING and his claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ DIANNE C. SELLERS COMMISSIONER